[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10822
Non-Argument Calendar

_____

D. C. Docket No. 07-00492-CV-4-RH-AK

AARON K. MARSH,

Plaintiff-Appellant,

versus

STATE OF FLORIDA DEPARTMENT
OF CORRECTIONS BUREAU OF SERVICES,
A. KENT, Classification Release
Officer, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 23, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Aaron K. Marsh, a civilly committed detainee proceeding in forma pauperis, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Marsh alleged that the State of Florida Department of Corrections Bureau of Services (Bureau) denied him a $100 discharge gratuity check upon his transfer from criminal to civil confinement in 1999, and denied him a similar gratuity in 2005, thus depriving him of his Fourteenth Amendment rights to equal protection and due process. He further alleged that classification release officer A. Kent and probation officer specialist Christopher J. Sobt participated in the 2005 denial by failing to answer his questions about whether the check would be issued.

On appeal, Marsh argues that the rule in the Florida Administrative Code providing for a discharge gratuity unconstitutionally discriminates between prisoners released into civil confinement and other released prisoners. He further argues that he sufficiently alleged that the defendants' failure to issue the 1999 and 2005 checks amounted to an unconstitutional confiscation, and that the district court erred in dismissing his complaint before process had been served on the defendants.

We review de novo a dismissal for failure to state a claim under

§ 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true.  Mitchell v. Farcass, 112 F.3d 1483, 1489-90 (11th Cir. 1997).

Section 1915(e)(2)(B)(ii) requires the district court to dismiss an in forma pauperis action if, at any time, the court determines that it fails to state a claim on which relief may be granted.  "Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).  The district court may dismiss the action sua sponte under § 1915(e) prior to service of process on the defendants.

The Eleventh Amendment bars § 1983 claims against the States in federal court.  Cross v. Alabama, 49 F.3d 1490, 1502 (11th Cir. 1995).  Florida has not waived its immunity with respect to § 1983 suits.  Gamble v. Fla. Dep't of Health & Rehabilitative Svcs., 779 F.2d 1509, 1514-15 (11th Cir. 1986).  This immunity extends to the Florida Department of Corrections.  See Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986) (per curiam).

Marsh is therefore barred by the Eleventh Amendment from bringing a § 1983 suit against the Bureau with respect to either the 1999 or the 2005 discharge gratuity.  In addition, his complaint alleged no facts indicating that either Kent or Sobt acted to prevent the 2005 discharge gratuity from being issued or that they had any responsibility for or involvement in the decision not to issue the gratuity.

3

Upon careful review of the district court order and the pleadings, and upon consideration of the brief, we find no reversible error. For the foregoing reasons, we affirm the district court's dismissal of Marsh's complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).

**AFFIRMED.**[1]

---

[1] Appellant's request for oral argument is denied.